Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| KARLA CRISTINA CALCAÑO NIEVES<br><br>PETICIONARIA<br><br>v.<br><br>PEDRO ANÍBAL GOMERA REYES<br><br>RECURRIDO | KLCE202500121 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2024RF00819<br><br>Sobre: Divorcio – Ruptura Irreparable |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

# SENTENCIA

En San Juan, Puerto Rico, a 19 de febrero de 2025.

## I.

El 7 de febrero de 2025, Karla Cristina Calcaño Nieves (señora Calcaño Nieves o peticionaria) presentó el recurso de auto de *Certiorari* solicitando que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 8 de enero de 2025 y notificada el 10 de enero de 2025.[1] En el referido dictamen, el TPI determinó No Ha Lugar para emplazar por edicto a Pedro Aníbal Gomera Reyes (señor Gomera Reyes o recurrido) a pesar de que el recurrido se encuentra recluido en el Federal Prison Camp, PO Box 3949, Pensacola, Florida 32516 en los Estados Unidos.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el

---

[1] Apéndice del *Certiorari*, Anejo VI, pág. 22.

propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia del recurrido.

**II.**

El caso de marras tiene su génesis el 13 de diciembre de 2024, cuando la peticionaria presentó la *Petición* bajo juramento sobre divorcio por la causal de ruptura irreparable contra el señor Gomera Reyes. No obstante, la señora Calcaño Nieves advirtió que el recurrido se encuentra confinado en una prisión federal en el estado de Florida.[2]

Ese mismo día, la peticionaria presentó *Moción para emplazar por medio de edictos*. En la referida *moción*, la peticionaria solicitó poder emplazar mediante edicto al señor Gomera Reyes conforme la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6. La señora Calcaño Nieves afirmó que a causa de que el recurrido está confinado fuera de Puerto Rico, correspondía notificarle de la *Demanda* presentada en su contra mediante edicto. Además, la peticionaria indicó que tenía conocimiento sobre la ubicación del señor Gomera Reyes para poder adquirir jurisdicción sobre su persona. Incluyó la declaración jurada correspondiente. [3]

El 19 de diciembre de 2024, notificada el 20 de diciembre de 2024, el foro primario emitió *Orden* en la cual decretó que previo a autorizar el emplazamiento por edicto, la señora Calcaño Nieves debía intentar obtener la renuncia al emplazamiento, a su vez, acreditara las gestiones dirigidas para ello. En esa línea, el foro primario fundamentó su decisión en que la peticionaria conocía la dirección del señor Gomera Reyes.[4]

---

[2] Íd., Anejo I, págs. 1-5.
[3] Íd., Anejo II, págs. 6-10.
[4] Íd., Anejo III, págs. 11-14.

Simultáneamente, el TPI declaró No Ha Lugar la solicitud de emplazar por edicto y ordenó que procedía emplazar "mediante el alcaide y a la persona ya que está en un lugar cierto".[5]

El 8 de enero de 2025, la señora Calcaño Nieves presentó *Moción en solicitud de emplazamiento por edicto* el cual solicitó que el foro primario autorizara el emplazamiento por edicto puesto que diligenciar el emplazamiento personal dilataría los procedimientos judiciales toda vez que el recurrido se encuentra confinado fuera de Puerto Rico. Además, conforme la Regla 4.6 de Procedimiento Civil, *supra*, R. 4.6, debía ordenar que se expidiera el emplazamiento por medio de edicto al conocer la dirección cierta del señor Gomera Reyes y el recurrido estar confinado en una Institución Correccional en el estado de Florida.[6]

El 8 de enero de 2025, notificada digitalmente el 10 de enero de 2025, el TPI emitió *Orden* determinando que la *moción* presentada por la peticionaria la acogió como reconsideración y fue declarada No Ha Lugar.[7]

El 13 de enero de 2025, la señora Calcaño Nieves radicó *Moción para emplazar por medio de edictos* en que solicitó que se expidiera el emplazamiento por edicto al no incluir en el proyecto de edicto solicitado previamente, la información del alcaide de la prisión en donde se encuentra el recurrido: Federal Prision Camp, PO Box 3949, Pensacola, Florida, 32516.[8]

El 15 de enero de 2025, notificada digitalmente el 17 de enero de 2025, el foro primario emitió una *Orden* reiterando su determinación en las órdenes emitidas el 19 de diciembre de 2024 y el 8 de enero de 2025.[9]

---

[5] Íd., Anejo IV, pág. 15.
[6] Íd., Anejo V, págs. 16-21.
[7] Íd., Anejo VI, pág. 22.
[8] Íd., Anejo VII, págs. 23-26.
[9] Íd., Anejo VIII, pág. 27.

Inconforme con el dictamen, la señora Calcaño Nieves acudió ante nos e imputó al TPI el siguiente señalamiento de error:

Erró el Honorable Tribunal de Primera Instancia, Sala de Carolina, al declarar No Ha Lugar y acoger como reconsideración la solicitud de emplazar mediante edicto, estando la parte demandada recluida fuera de la jurisdicción de Puerto Rico.

En síntesis, la peticionaria adujo que conforme la Regla 4.6, de Procedimiento Civil, *supra*, R. 4.6, ameritaba que el TPI ordenara el emplazamiento por medio de edicto debido a que el señor Gomera Reyes se encuentra fuera de Puerto Rico y tiene conocimiento de su ubicación. En esa línea, la señora Calcaño Nieves expuso que no tiene que acreditar las diligencias realizadas para emplazar personalmente al recurrido toda vez que este se encuentra confinado en una prisión en Estados Unidos continentales. Consecuentemente, la peticionaria expresó que dicha determinación constituye un gravamen en vista de que tiene que contratar un emplazador privado para que emplace personalmente al recurrido en el estado de la Florida. Ante este parecer, la señora Calcaño Nieves esbozó que la determinación del foro primario atenta contra el principio básico de la solución justa, rápida y económica. En fin, solicitó que ejerzamos nuestra función revisora para que revoquemos la *Orden* del TPI.

**III.**

**A.**

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeill Healthcare LLC,*** 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal

revisor para autorizar su expedición y adjudicación. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir el auto de certiorari sobre materia civil.[10] *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. *Medina Nazario v. McNeill Healthcare LLC,* *supra.* En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

---

[10] Esta Regla dispone que:

[....]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari*.[11]

**B.**

El emplazamiento es un mecanismo procesal de notificación que utiliza el tribunal para poder adquirir jurisdicción de la persona, de forma tal que quede obligado por el dictamen que se emita. ***Márquez v. Barreto***, 143 DPR 137 (1997). Mediante el emplazamiento el tribunal adquiere jurisdicción de la persona sobre el demandado. ***First Bank v. Inmob. Nac., Inc.***, 144 DPR 901, 912 (1998). La Regla 4.4 de Procedimiento Civil, *supra*, R. 4.4, establece en lo pertinente que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
> (d) A una persona recluida en una institución correccional,

---

[11] Esta Regla dispone lo siguiente:
El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

entrego copia del emplazamiento y de la demanda a ella personalmente y al director o directora de la institución.

En nuestro estado de derecho existen dos formas para diligenciar el emplazamiento que son: emplazamiento personal o emplazamiento por edicto. **Rivera v. Jaume**, 157 DPR 562, 575 (2002). Cónsono con lo anterior, la Regla 4.6 de Procedimiento Civil, *supra*, R. 4.6 dispone que:

> a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto.

Para que un tribunal autorice un emplazamiento mediante edicto la parte que lo solicite debe presentar una declaración jurada acreditando los esfuerzos realizados para llevar a cabo el emplazamiento personal. **Sánchez Ruiz v. Higuera Pérez**, 203 DPR 982, 988 (2020). A manera de resumen, entre los requisitos más importantes del emplazamiento mediante edicto se encuentran: (i) la declaración jurada inicial donde se disponen las diligencias efectuadas para localizar a la persona a ser emplazada; (ii) que se le envíe al demandado por correo certificado, a su última dirección conocida, dentro de los diez días luego de expedida la orden para que se emplace mediante edictos, copia de la demanda y del emplazamiento, y (iii) el diligenciamiento del emplazamiento dentro de los seis meses luego de ser expedido. **Monell v. Mun. de Carolina**, 146 DPR 20, 25 (1998). No obstante, si el demandado se encuentra fuera de Puerto Rico y el demandante conoce el lugar específico donde se encuentra el demandado y así lo informa al

tribunal, no es requerido la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente. ***Rivera v. Jaume***, supra, pág. 577. En esa línea, de una parte emplazar por medio de un edicto, es compulsorio el envío por correo certificado con acuse de recibo de la demanda, la orden para emplazar mediante edicto y el edicto. ***Rivera v. Jaume***, supra, pág. 577. La dirección postal a la que se le notifique debe ser la ultima conocida en donde se encuentre el demandado, siempre que se pruebe que el envío de la demanda y el emplazamiento le notificará al demandado sobre la causa de acción instada en su contra. ***Rivera v. Jaume***, supra, pág. 578.

**IV.**

En el caso de marras, el TPI emitió una *Orden* determinando que no procedía el emplazamiento mediante edicto y ordenó que la peticionaria emplazara personalmente al señor Gomera Reyes y al alcaide de la Institución Correccional por tener conocimiento de su dirección.

Inconforme con el dictamen, la peticionaria acudió ante nos solicitando que revoquemos la *Orden* recurrida toda vez que el señor Gomera Reyes se encuentra confinado fuera de Puerto Rico y esta tiene conocimiento de la dirección del recurrido.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que el foro primario erró en no ordenar el emplazamiento por edicto.

De un examen pormenorizado de los documentos que obran en autos, resulta palmario que el TPI tuvo ante sí los elementos que exige nuestro ordenamiento jurídico para autorizar el emplazamiento por edicto que solicitaba la peticionaria. Surge del

expediente que, la parte peticionaria cumplió en demostrar por medio de la declaración jurada que el recurrido está confinado fuera de Puerto Rico y que posee conocimiento personal de la dirección de este. Consecuentemente, esta no tenía que demostrar al foro primario que ha realizado esfuerzos razonables para emplazar personalmente al recurrido con tal de obtener autorización para emplazar por edicto.

A tenor con nuestra función revisora, resolvemos que el foro recurrido cometió el error señalado. La información que tuvo ante sí el TPI para autorizar el emplazamiento por edicto cumplió cabalmente con las exigencias de la Regla 4.6 de Procedimiento Civil, *supra*, R. 4.6. En vista de ello, se debe autorizar el emplazamiento por edicto para evitar un fracaso a la justicia.

**V.**

Por los fundamentos pormenorizados expedimos el auto de *certiorari*, revocamos la *Orden* recurrida y ordenamos que se expida el emplazamiento por edicto.

Se devuelve el caso al foro primario para continuar con los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones